Hillsborough, ⎰
  Dec., 1894. ⎱

LAMARSH, *Adm'r*, v. L'UNION SAINT JEAN BAPTISTE SOCIETY.

A mutual benefit association which takes no action for the termination of the membership of a delinquent, but receives and retains his arrears of dues, is liable to his administrator for the benefits payable at the decease of members under the by-laws.

A mutual benefit association will be bound by a payment of dues made to its secretary, although his assistant is the officer designated by the by-laws to receive the funds.

ASSUMPSIT, to recover $50 for the funeral expenses of the plaintiff's intestate, Misael W. Blain, and $376 insurance upon his life. Facts found by the court.

The defendants are a voluntary association for affording relief to sick members, for defraying their funeral expenses, and for the payment, at the decease of a member, of a sum equal to one dollar for every surviving member. The by-laws provide that a

monthly contribution of fifty cents shall be paid to the financial secretaries, and that one dollar shall be paid to the assistant secretary at the death of a member; that any member who neglects to pay his monthly contribution within two weeks after the general monthly meeting loses his benefits until he shall have paid what he owes the society; that any member indebted for more than six months' contribution can be ruled from the list of the society by majority vote of the members present, if he has been notified by the financial secretaries; that a member notified of the decease of another must pay the amount of his contribution to the insurance fund at the second regular meeting, and any member who shall have neglected to pay during that time shall be deprived of his benefits from the society, as well as from the insurance, for the time during which he shall not have acquitted himself of his arrears; that at the death of a member the society will pay fifty dollars for funeral expenses, and an insurance of one dollar for each surviving member.

Blain became a member of the association in 1886. He was taken sick October 1, 1892, and died October 12. When taken sick, he had neglected to pay his monthly dues for nine months, and requested Joseph Bellephonse, not a member of the society, to pay the amount due. Bellephonse handed the money to one Berryl, who paid it to Broder, the financial secretary, at and in the regular meeting of October 4, 1892, and the sum of $4.50 was credited in Blain's pass-book. The money was received without objection, and has been retained by the society.

Blain also owed four dollars to the insurance fund, and gave the money to Bellephonse, who handed it to Dr. Guilet, the attending physician. October 11, Guilet paid the money to LeFavor, president of the society, stating that Blain was dying and that the money was paid on account of his dues to the insurance fund. LeFavor took the money, saying it would be all right, and that he would call a meeting of the society. Within a few minutes he paid it over to Gendron, secretary of the archives, who took the money after some hesitation, but declined to receipt for it. LeFavor paid the money to him because he supposed he was the proper person to receive it; and Gendron did not say he was not the proper person, or who the proper person was. Later in the day Gendron was informed that he had no right to receive money except at a meeting of the society, and he thereupon left the money at LeFavor's house. Blain died the next day. LeFavor then offered the money to Bellephonse, who refused it, and it has since remained in LeFavor's hands.

So far as appeared, members generally paid their dues at a regular meeting. Sometimes they handed Gendron the money for their dues, with their pass-books, before a meeting. Blain's name was never stricken from the roll of members, and no ac-

tion was ever taken for terminating his membership. Before suit brought, the plaintiff made a demand, and the defendants refused payment. The court ruled that the plaintiff could recover the funeral benefit and insurance, and the defendants excepted.

*George B. French*, for the plaintiff.

*Charles H. Burns*, for the defendants.

BLODGETT, J. In the absence of brief or argument for the defendants, no reason is perceived why there should not be a recovery for the death benefit. "At the death of a member the society pays the sum of fifty dollars for the expenses of interment." By-Laws, *art.* 20, *s.* 2. The deceased is properly found to have been a member at the time of his death. His name was on the roll of members, and no action had been taken for terminating his membership by reason of his indebtedness for more than six months' contributions, as might have been done under *art.* 21, *s.* 5. But in addition to this, it is found that he had "acquitted himself of his arrears" as to his monthly contributions before his decease, by the payment of the sum due to the financial secretary at a regular meeting of the society, and that "the money was received without objection and has been retained by the society." Under these circumstances, there can be no forfeiture of the death benefit upon general principles, nor under any by-law which has come to our attention. On the other hand, the reasonable interpretation of the by-laws in point is, that unless a delinquent member is ruled from the list of the society, on a vote of a majority of the members present, for more than six months' neglect of payment (*art.* 21, *s.* 5), he simply "loses his benefits until he shall have paid what he owes to the society." *Ib.*, *s.* 4.

As to the life insurance, it is sufficient to say that if payment of the four dollars had been made to the assistant secretary, it would have been a valid payment (*Manson* v. *Grand Lodge United Workmen*, 30 Minn. 509), and we think it should be held to be no less valid because made to the secretary. Payment to the superior officer may reasonably be regarded as payment to his assistant.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.